SAMUEL PREVO, administrator of Rezin Beall, deceased, appellant *v.* SIMON LATHROP, appellee.

*Appeal from Clark.*

Where B. agreed, by parol, to purchase of L., a tract of land, and to pay $400 for the same, in four equal annual instalments, but no memorandum in writing was made of the bargain, and sometime afterwards a note was executed for the amount then due of the principal of said purchase money, and a deed made for the land, but the parties not agreeing as to the rate of interest for the time payment had been delayed, that was left for future adjustment: *Held* that the contract to pay interest was not within the statute of frauds. Said agreement to purchase the land, was made in 1824, and the note was executed in 1832. The suit was instituted in 1835: *Held*, also, that the contract for interest was not barred by the statute of limitations.

Where no specific agreement is entered into in relation to the rate of interest, the law will presume that the legal rate was intended.

THIS cause was commenced before the Judge of Probate of Clark county, on the 21st day of April, 1835. It was heard in the Circuit Court, at the May term, 1836, before the Hon. Justin Harlan.

H. EDDY and D. J. BAKER, for the appellant.

J. PEARSON, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

Lathrop sued Prevo as administrator of Beall, before the Court of Probate, on a note and an account. The suit was amicable, and the parties waived service of process. The Court of Probate rendered judgment against Prevo for $148 and costs of suit. Prevo appealed from this judgment to the Circuit Court, and filed his bill of exceptions agreeably to the statute. On the trial in the Circuit Court, a judgment was rendered in favor of Lathrop against Prevo, for $157 and costs. In the progress of the trial in the Circuit Court, a bill of exceptions was taken to the opinion of the Circuit Court, for admitting, and not excluding, the testimony of a witness, who deposed that sometime in the year 1823 or 1824, there was a verbal contract entered into between the plaintiff and the defendant's intestate, Rezin Beall, deceased, in relation to a certain tract or parcel of land situate in Clark county, for which said Beall was to pay said plaintiff $400 in four equal annual instalments; for the payment of which no writing was entered into until the execution of the note offered in evidence, at which time a deed of conveyance was made by Lathrop to Beall; that, at the time of the execution of said note, a claim was set up by said plaintiff, for twelve per cent. interest on the said instalments, from the time they became due, up to the time of the execution of the note. Whereupon a controversy arose

z*

between the plaintiff and Beall, the intestate, in relation to the interest. The plaintiff claimed twelve per cent., and Beall was willing to give six per cent. or more; but as they could not agree at the time, they agreed to leave it to future adjustment, as to the rate of interest to be paid. The note was executed for the sum therein mentioned, Beall refusing to include twelve per cent. interest in the note, and remarked, at the time, that he, the plaintiff, and Beall would not fall out about the amount of interest.

On this testimony, the counsel of the appellant raised in the Court below the following objections:

1. That the claim for interest, arising under the agreement and promise to pay interest, and leaving the precise amount to future adjustment, was barred by the statute of limitations.

2. That the conversations between the parties were not evidence, because the contract upon which interest was claimed, was a verbal one for the sale of lands, and void under the statute of frauds and perjuries.

The same points are now made in this Court, and relied on, for a reversal of the judgment of the Circuit Court.

To ascertain whether the statute of limitations was a bar in the present case, we must recur to the time of the promise to adjust the interest at some future day. That was the day of the execution of the note, the 26th of August, 1832; consequently, five years had not elapsed from the making of the promise, at the institution of the suit.

On the 2d point, it is a misapprehension of the state of facts disclosed, to suppose that the promise to pay the interest, was an agreement within the terms of the statute of frauds. It was a mere incident connected with the sum of money agreed to be paid on the consummation of the contract for the lands, by the making of the conveyance and note; though the exact amount of money to be paid as interest, was left to future adjustment between the parties. That amount not having been agreed upon between them, it is fair to presume, at least, that the amount should be the legal interest, and the party himself admitted his willingness to pay at least that sum.

Upon the testimony, then, as well as the legal questions arising thereon, no error is perceived in the judgment of the Circuit Court; and it is accordingly affirmed with costs.

*Judgment affirmed.*

*Note.* See Scott *v*. Thomas, *Ante* 58.